# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00330-CR

**The State of Texas, Appellant**

**v.**

**Milton Dwayne Gobert, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D1DC06-904006, HONORABLE BOB PERKINS, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Because I believe that Gobert did not invoke his right to counsel, I respectfully dissent from the majority's decision to affirm the suppression order. To invoke the right to counsel, a "suspect must *unambiguously* request counsel." *Davis v. United States*, 512 U.S. 452, 459 (1994) (emphasis added); *see Dinkins v. State*, 894 S.W.2d 330, 351 (Tex. Crim. App. 1995) (invocation must be clear and unambiguous); *see also Smith v. Illinois*, 469 U.S. 91, 97-98 (statement is either invocation of right to counsel or it is not). At a minimum, the suspect must make a statement that could reasonably be interpreted as "an *expression of a desire* for the assistance of an attorney." *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991) (emphasis added). The invocation must be clear enough that a reasonable officer "in the circumstances would understand the statement to be a *request for an attorney*." *Davis*, 512 U.S. at 459 (emphasis added). In other words, a suspect does not invoke his right to an attorney if he merely mentions the word "attorney" or makes an equivocal

statement that, in light of the circumstances, would have lead a reasonable officer to believe "only that the suspect *might* be invoking the right to counsel." *Id.* (emphasis in original); *see Dinkins*, 894 S.W.2d at 351; *Robinson v. State*, 851 S.W.2d 216, 223 (Tex. Crim. App. 1991). There are no magic words needed to invoke the right, but the words must communicate that the suspect desires to speak to someone who is an attorney. *Dinkins*, 894 S.W.2d at 352. If a suspect makes an equivocal or ambiguous statement while being questioned, there is no requirement that the officers attempt to clarify the statement, and the officers may continue their questioning. *Davis*, 512 U.S. at 459, 461; *see also Moran v. Burbine*, 475 U.S. 412, 434 n.4 (1986) (unless suspect communicates that he wants attorney, interrogation can continue).

Gobert's statement that "I don't want to give up any right, though, if I don't got no lawyer" is not an invocation of his right to an attorney. It is unclear what Gobert was trying to convey when he made the statement, but it is clear that the statement is not an unequivocal *request*. As proof that Gobert "was unwilling to waive any of his rights . . . without first consulting an attorney," the majority points to the following comment made by one of the interviewing officers: "I want to clear something up, though, because earlier you said you don't want to give up your right to a lawyer." I strongly dispute the clarity of Gobert's statement. While it may indeed be a statement that he does not have the present intent to "give up any right," it is not a request for counsel as it must be to halt further interrogation by the officers. Although the word "lawyer" appears in the statement, it is not used in any manner that could reasonably be interpreted as expressing a desire for the assistance of counsel or to speak to an attorney. At the very most, the statement is an equivocal and ambiguous statement that Gobert *might* want to invoke his right to counsel. *See*

2

*Robinson*, 851 S.W.2d at 223-24 (question "Do I need to talk to a lawyer before I sign?" was equivocal at best); *Harper v. State*, No. 03-00-00677-CR, 2001 Tex. App. LEXIS 7497, at *4, 19 (Tex. App.—Austin Nov. 8, 2001, pet. ref'd) (not designated for publication) (concluding that statement "I don't even want to talk unless I have me a lawyer and go through this shit. I don't have to go through this shit, right?" was ambiguous and equivocal and did not invoke right to counsel). Although it might be beneficial for police officers to clarify whether a suspect is invoking his right to counsel when this type of statement is made, there is no requirement that they do so and no requirement that they cease questioning the suspect. Moreover, after being read his *Miranda* rights and immediately after making the statement in question, Gobert told the police three times that he was willing to talk to the police, indicating that he was willing to proceed without having the assistance of counsel. *Dinkins*, 894 S.W.2d at 351 (courts may consider totality of circumstances surrounding interrogation when determining whether individual invoked his right to counsel). The officers, by immediately seeking to clarify the meaning of Gobert's statement, did all that we should expect them to do.

While the majority might believe that the defendant should receive the benefit of the doubt, the Supreme Court addressed this concern in *Davis v. United States* and expressly declined "petitioner's invitation to extend *Edwards* and require law enforcement officers to cease questioning immediately upon the making of an ambiguous or equivocal reference to an attorney." 512 U.S. at 459. The "need for effective law enforcement" was factored in to the court's decision making. The requirement that an invocation be clear and unambiguous has the benefit of providing "a bright line that can be applied by officers in the real world of investigation and interrogation without unduly

3

hampering the gathering of information." *Id*. at 461. The majority's holding blurs the boundaries of this rule. Essentially, their conclusion requires police officers to cease questioning when a statement is made that might possibly be a request for counsel. With this decision, we have burdened police officers with the difficult task of determining whether a suspect really wants an attorney, despite not having specifically asked for one, at the risk of having any information obtained through questioning suppressed. *See id.* at 461.

In light of the preceding, I believe that the district court erred when it granted Gobert's motion to suppress and, therefore, respectfully dissent from the opinion of the majority.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Filed: April 19, 2007

Publish

4